IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL H. HIGLEY,<br><br>            Plaintiff,<br><br>vs.<br><br>SUNTRUST MORTGAGE, INC., et al.,<br><br>            Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:10-cv-1271 |

Defendants SunTrust Mortgage, Inc. (SunTrust) and Federal Home Loan Mortgage Corporation (Freddie Mac) have moved to dismiss Plaintiff Michael H. Higley's Second Amended Complaint (Dkt. No. 53). The court dismissed Mr. Higley's First Amended Complaint on April 19, 2011. The dismissal was without prejudice because the court believed that Mr. Higley could potentially state plausible claims for relief. Defendants now move to dismiss the Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

Because Plaintiff's claim of negligent misrepresentation is barred by the economic loss doctrine, Defendants' motion is GRANTED and Plaintiff's Second Amended Complaint is dismissed with prejudice.

## BACKGROUND

In May 2007, Mr. Higley obtained a loan from SunTrust in the amount of $126,000 to refinance his home located at 3576 West 3245 South, Salt Lake City, Utah 84119. (2nd Am.

Compl. ¶7, Dkt. No. 52.) According to Mr. Higley, his loss of employment and health problems caused him to default on his loan in July 2009, at which time he received a Notice of Default and Election to Sell. (Id. at ¶ 10-13, 17.) When Mr. Higley began receiving Social Security disability benefits in December 2009, he contacted SunTrust to find an alternative to foreclosure and was told to contact the loss mitigation department to seek a loan modification. (Id. at ¶ 15, 20.) Mr. Higley claims that SunTrust employees told him repeatedly not to worry about a sale of his home while his application for loan modification was under review. (Id. at ¶ 23-24, 26-30.) On June 7, 2010, SunTrust mailed Mr. Higley a letter stating that SunTrust had denied his application for a loan modification. (Id. at ¶ 38.) Mr. Higley says that he then contacted SunTrust about reinstating his loan and was quoted a reinstatement amount of $17,987.99. (Id. at ¶ 50-52.) He had the necessary money he needed to reinstate the loan on June 15, 2010. (Id. at ¶ 53.) But Mr. Higley was unable to go forward with the reinstatement because he was then notified that his home had already been sold by auction on June 11, 2010. (Id. at ¶ 54.)

Mr. Higley brought this action against SunTrust, Freddie Mac, and other Defendants on multiple grounds which the court considered in a hearing on a motion to dismiss on April 19, 2011. The court granted Defendants' motion to dismiss but dismissed the case without prejudice and gave Mr. Higley leave to file an amended complaint. In his Second Amended Complaint, Mr. Higley alleges one cause of action against SunTrust and Freddie Mac (the breach of the duty of good faith and fair dealing), and an additional cause of action against SunTrust (negligent misrepresentation). In a hearing before the court on January 19, 2012, both parties stipulated to a dismissal of the first cause of action and a dismissal of Defendant Freddie Mac. As a result, the only issue before the court is the claim of negligent misrepresentation.

ANALYSIS

**Standard of Review**

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (2006), cert. denied, 127 S. Ct. 1334 (2007); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). Conclusory allegations are allegations that "do not allege the factual basis" for the claim. Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). See also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based") (emphasis added). The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). And although all reasonable inferences must be drawn in the non-moving party's favor, Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, quoted in Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). Stating a claim under Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

**Dismissal of the First Amended Complaint**

The cause of action for negligent misrepresentation against SunTrust contains exactly the

same allegations that were set forth in Plaintiff's First Amended Complaint. The court dismissed that complaint for failure to state a claim upon which relief may be granted. Accordingly, the court dismisses the Second Amended Complaint for the same reasons, explained below.

**Negligent Misrepresentation**

Utah courts acknowledge the tort of negligent misrepresentation, which provides that

> a party injured by reasonable reliance upon a second party's careless or negligent misrepresentation of a material fact may recover damages resulting from that injury when the second party had a pecuniary interest in the transaction, was in a superior position to know the material facts, and should have reasonably foreseen that the injured party was likely to rely upon the fact.

Price-Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc., 713 P.2d 55, 59 (Utah 1986). But the scope of this tort is restricted by the economic loss doctrine, which imposes this limitation: "[E]conomic damages are not recoverable in negligence absent physical property damage or bodily injury." SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc., 28 P.3d 669, 680 (Utah 2001). The purpose of the doctrine is to mark "the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a duty of reasonable care." Id. at 680. The court has previously applied the economic loss doctrine to negligent misrepresentation claims in similar circumstances. See, e.g., Gallagher v. Alliance Bancorp, 2011 U.S. Dist. LEXIS 75778, *10-11 (D. Utah July 13, 2011) (unpublished) ("under the doctrine of economic loss, a plaintiff cannot bring a tort claim when the conflict arises out of a contract, unless there is an independent, non-contractual duty. This doctrine applies to negligent misrepresentation claims."); Andersen v. Homecomings Fin., LLC, 2011 U.S. Dist. LEXIS 65897, *26-28 (D. Utah June 20, 2011) (unpublished) (holding that a

negligent misrepresentation claim based on the alleged statement that the borrower should stop making payments to seek a modification is barred by the economic loss doctrine).

The parties' relationship in this case is a contractual one, governed by the loan documents. Mr. Higley does not claim that his house was sold as a result of SunTrust's representations to him. Rather, he claims that because of those representations, he did not have enough time to reinstate his loan before foreclosure. But his right to reinstatement was a contractual one, contained in paragraph 19 of the loan documents. (See Def.'s Mem. Supp. Mot. Dismiss, Dkt. No. 54-2, at 12 (granting Borrower, if certain conditions are met, "the right to have enforcement of this Security Instrument discontinued at any time prior to . . . five days before sale of the Property").) While it is troubling that Mr. Higley was not given a full five days between the denial of his loan modification and the sale of his house, any claim based on the reinstatement provision must be an action in contract and not in tort. Because Mr. Higley's relationship with SunTrust was contractual and he is suing for economic damages, his claim of negligent misrepresentation is barred by the economic loss doctrine.

Mr. Higley argues that an exception to the economic loss doctrine applies to him because he asserts that SunTrust owed him an independent duty of care separate from any duties owed under the contract. Utah courts have held that the economic loss doctrine only bars claims where the alleged breach occurs "'absent an independent duty of care under tort law.'" Hermansen v. Tasulis, 48 P.3d 235, 240 (Utah 2002) (quoting Grynberg v. Agric. Tech, Inc., 10 P.3d 1267, 1269 (Colo. 2000)). Such an independent duty could arise because of a fiduciary or confidential relationship "when one party, having gained the trust and confidence of another, exercises extraordinary influence over the other party." Von Hake v. Thomas, 705 P.2d 766, 769 (Utah

1985).  In Stanton v. Ocwen Loan Servicing, LLC, the court declined to dismiss a negligent representation claim because it found that the lender had "gone beyond simply providing money to the borrower."  No. 1:10-CV-2-DAK, 2010 WL 3824640, at *5 (D. Utah Sept. 28, 2010) (unpublished).  But in Stanton, the plaintiffs had not yet lost their ability to cure their default and they began the process of loan modification before receiving a Notice of Default and Election to Sell.  Mr. Higley lost his ability to cure his default months before he contacted SunTrust about a loan modification.  As a result, he cannot claim that SunTrust exercised the type of "extraordinary influence" over him on which the Stanton plaintiffs relied to survive the motion to dismiss.

More commonly, Utah courts have found that transactions between borrowers and lenders are business relationships, and not fiduciary or confidential relationships.  See State Bank of S. Utah v. Troy Hygro Sys., Inc., 894 P. 2d 1270, 1275 (Utah Ct. App. 1995) ("mere confidence in one party by another is not sufficient alone to constitute a fiduciary or confidential relationship"); Ramos v. Countrywide Bank, FSB, No. 2:09-CV-449-TS, 2009 U.S. Dist. LEXIS 99909 (D. Utah Oct. 26, 2009) (unpublished) ("generally no fiduciary relationship exists between a bank and its customer or a lender and a borrower"); First Security Bank of Utah, N.A. v. Banberry Development Corp., 786 P.2d 1326, 1334 (Utah 1989) (holding that in an "arms length" transaction with "no confidential relations" between the parties, a bank has "no affirmative duty" to the borrower").  Mr. Higley has not alleged any facts that support a finding of a fiduciary or confidential relationship with SunTrust that could give rise to the type of independent duty necessary to surmount the bar imposed by the economic loss doctrine.

**ORDER**

For the foregoing reasons, Defendants Motion to Dismiss (Dkt. No. 53) is GRANTED and Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED this 8th day of February, 2012.

BY THE COURT:

*Tena Campbell*
_____
TENA CAMPBELL
United States District Judge